## CIRCUIT COURT OF FREDERICK COUNTY

Van Gilder et al.

v.

Alabaugh et al.

January 23, 1984

Case No. (Chancery) 7265

By JUDGE ROBERT K. WOLTZ

This is a suit to stay by injunction a foreclosure sale of real estate under the provisions of the deed of trust. After hearing *ore tenus* temporary injunction was granted and decision must now be made whether to dissolve it or make it permanent. I am of opinion that the injunction should be made permanent.

The complainants as a partnership purchased from the defendant Viola F. Alabaugh a nursing home which they first operated as a partnership and subsequently as a corporation. In the sale transaction the defendant took a purchase money second deed of trust of the partnership on the nursing home property to secure $180,000.00.

Payments as required by the terms of the trust and notes secured were commenced by the complainants effective July 1, 1978, and continued to be made regularly by the complainants and received by the defendant through the payment due for September, 1983. These payments were made by mailing checks to the defendant at 28 Oates Avenue, Winchester, Virginia.

The complainants posted the payment for October 1983 on September 30, 1983, addressed as had been customary. In a few days the envelope containing the check was returned to them by the post office with a stamped inscription on the envelope stating "Return to Writer Not Deliverable as Addressed No Forwarding Order on File." Complainants enclosed the check in another envelope postmarked October 4, 1983, and addressed as before, which mailing

was in a few days returned to them with the same stamped notation.

Complainants took no further action until, hearing nothing from the defendant, they sought advice of counsel on October 25, which was shortly before the next installment due date. The next day they saw a newspaper advertisement for foreclosure on the property and a few days later instituted this proceeding.

By the post office records and testimony of postal employees, it appears that the defendant changed her address August 9, 1982, from 28 Oates Avenue to Route 3, Box 172, Winchester, Virginia. In accordance with established procedure a mail forwarding card was made and put on file at the post office to ensure forwarding to the new address of mail addressed to the old location. These forwarding procedures are maintained for one year plus approximately a month grace period, at which time the mail forwarding form is removed from the forwarding file and mail addressed to the old address is no longer forwarded to the new address but returned to sender as undeliverable to the address shown. In this case the forwarding clerk on receipt of the complainants' envelope postmarked September 30 checked the forwarding file, found no forwarding form and returned the item to the senders. By fair inference the same thing happened to their second mailing of October 4.

The defendant had lived at the old address for three years but changed her residence to the new address in December, 1982 where she had and does operate a book store. She kept looking for the October payment and when it did not arrive consulted counsel and decided to initiate foreclosure proceedings considering that the complainants were in default. She testified that one of the complainants had previously but not within the last couple of years telephoned her at the book store and that during the year previous to her failure to receive the October check there had been no communication between her and the complainants excepting her receipt of the installment checks. She relied upon the post office to continue to deliver the checks to the new address by virtue of her change of address notice, but since the end of September, 1983 had received by way of forwarding no mail at her new address which was directed to the old address.

It should be noted that neither the deed of trust nor the note secured thereby provide any place of payment

other than Winchester, Virginia. The defendant cites 17 Am. Jur. 2d, "Contracts," § 331, to the effect that the common law rule has been considered to be that where an obligation which points out no place of performance "must be fulfilled to the obligee in person wherever he may be," but this authority continues that the duty to perform to the obligee in person exists "only where the obligation expressly designates no other place of performance and where none can be inferred from facts contained in the obligation *or from other facts, collateral and independent, which may be proved by parol.*" (Emphasis supplied.)

The complainants cite the same authority, §§ 425-428, which deal generally with the failure of performance of one party due to an impossibility of performance caused by the other party. This principle is not entirely apposite to the situation as it was open to the complainants to make inquiry in an effort to learn where the payments might be made to the defendant.

Nevertheless a course of conduct was established by the tacit consent of both parties for effectuating the deed of trust payments, which course of conduct continued for over three years continuously without any instruction by the defendant to the complainants to alter those established procedures. The defendant knew where the checks were coming from as the return address was on the envelopes in which they reached her. It would have been a simple matter for her to give notice to the complainants in writing or by telephone so that they would be informed where the checks could be safely sent. *See* Section 8.1-201(26), Code 1950 (1965 Added Vol. 2A). Instead she gave no notice of change of address to which payments should be mailed but trustingly relied on the effectiveness of continuing the originally established procedures for payment and on the post office to continue to forward the payments.

Essentially this decision is made upon the equities of the case. Under the circumstances related those equities lie with the complainants. Decree will enter permanently enjoining foreclosure under the advertisement had on October 26, 1983, and allowing the complainants a reasonably short time in which to make payment of installments which have accrued, commencing with the installment due October 1, 1983, through January 1, 1984.

The only remaining issue in the case is as to damages claimed. Based on the complainants' pleadings and the evidence, I am of opinion that there is insufficient evidence at this point for an award of punitive damages. If compensatory damages are still sought, a further evidentiary hearing will be needed for that purpose.